**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 07-1107**

————————

STATE OF SOUTH CAROLINA,

                              Plaintiff - Appellee,

       versus

ROOSEVELT GRACE,

                              Defendant - Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (6:07-mc-00007)

————————

Submitted:  June 22, 2007          Decided:  July 13, 2007

————————

Before NIEMEYER, WILKINSON, and KING, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Richard A. Harpootlian, RICHARD A. HARPOOTLIAN, PA, Columbia, South
Carolina, James H. Price, III, PRICE, PASCHAL, & ASHMORE, P.A.,
Greenville, South Carolina, for Appellant.  Robert M. Ariail,
THIRTEENTH CIRCUIT SOLICITOR'S OFFICE, Greenville, South Carolina,
for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A state grand jury indicted Roosevelt Grace on one count of trafficking more than 400 grams of cocaine. Citing 28 U.S.C. § 1443(1) (2000), Grace sought to remove his criminal prosecution to federal district court. In his memorandum supporting removal, Grace contended the arresting officer stopped him pretextually on account of his race, thus violating his civil rights under the Fourteenth Amendment and 42 U.S.C. § 1981 (2000). Grace further contended the officer had a history of conducting pretextual stops of minorities, the solicitor's office showed no interest in vindicating his civil right to racial equality, and under the authority given solicitors under South Carolina law to control the criminal docket, he could not be assured of a fair trial in state court. The district court denied Grace's removal request and remanded the case to state court, and Grace appealed. Finding no error, we affirm.

Under § 1443(1), a civil action or criminal prosecution commenced in state court may be removed by the defendant to federal district court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts. See

<u>Georgia v. Rachel</u>, 384 U.S. 780, 788 (1966). After a thorough review of the materials before us on appeal, including the transcript of the removal hearing, we conclude removal is inappropriate in this case. <u>See</u> <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 828 (1966) (vindication of defendant's federal rights left to state courts "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial" in state court); <u>South Carolina v. Moore</u>, 447 F.2d 1067, 1070 (4th Cir. 1971) (holding right of removal under § 1443(1) limited to cases in which charged conduct enjoys federal protection).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>